IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Allen Clark,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-14-8112-PCT-DGC (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

      Petitioner Marc Allen Clark has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.     SUMMARY OF CONCLUSION**

      Petitioner pleaded guilty, and was later sentenced on June 28, 2007. Petitioner had 90 days from that date to file an "of-right" petition for post-conviction relief. Petitioner did not file a petition, so his judgment became final on September 26, 2007. Petitioner's Habeas Petition was due on September 26, 2008, but was not filed until June 30, 2014.

      Statutory tolling is not warranted, and no equitable tolling is merited because Petitioner cannot justify the delay in this case.

      For the reasons that follow, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### A. FACTS OF THE CASE

On November 18, 2006, Prescott Valley police officers began an investigation of the murder of victim Michael Sirois. (Doc. 9, Ex. A at 2.) As a part of the investigation, officers learned that Petitioner helped clean a car containing the victim's blood. (Doc. 9, Ex. A at 4, Ex. F at 5.) On November 19, 2006, officers obtained a search warrant to search Petitioner's residence for evidence of drug-related offenses. (Doc. 9, Ex. A at 4.) After a search of the residence, police seized methamphetamine and paraphernalia consistent with drug trafficking. (Doc. 9, Ex. A at 4, Ex. F at 6.) On November 24, 2006, Petitioner was indicted for offenses committed on November 18 and 19, 2006.

On April 16, 2007, Petitioner was in a vehicle that was stopped by police. (Doc. 9, Ex. A at 4-5.) After a search of the vehicle, officers found drug paraphernalia and a handgun. (*Id.*) On April 24, 2007, an information was filed for offenses committed on April 16, 2007.

### B. TRIAL COURT PROCEEDINGS

On April 24, 2007, Petitioner pleaded guilty, pursuant to a six-page plea agreement, to three felonies arising out of the two indictments and the information. (Doc. 9, Ex. E.) Specifically, Petitioner pleaded guilty to Hindering Prosecution, a class 3 felony (CR 2006-1517); Possession of Dangerous Drugs for Sale, a class 2 felony (CR 2006-1519); and, Weapons Misconduct (Prohibited Possessor), a class 4 felony (CR 2007-040492J/CR 2007-0622). (Doc. 9, Exs. B, C, D.) The plea agreement stipulated "that Defendant shall receive a term of imprisonment of 15 calendar years."[1] (Doc. 9, Ex. E at 3.) Petitioner avowed that he had five prior felony convictions. (Doc. 9, Ex. E at 4-5.) Petitioner initialed each page and signed the agreement on the final page. (Doc. 9, Ex. E.)

During the plea hearing, the trial court reviewed the charges, the agreement, the

---

[1] This stipulation was hand written into the plea agreement. Petitioner asserts he was unaware of the provision. (Doc. 1.)

2

statutory maximums, Petitioner's rights, and the facts of the offenses. (Doc. 9, Ex. F.) During the colloquy, defense counsel advised the court that a 15-year term of imprisonment had been added into the agreement.

> COUNSEL: Mr. Clark and I talked about what his options are with reference to his liability if he were to go to trial on all these cases and how much he would be looking at.
>
> I think he understand the significant benefit by entering into this plea agreement. The plea agreement speaks to a stipulated term, at least 15 calendar years. That provision was put in there by the State and agreed to and he understands that – well, he understands that this is what he wants to do, he wants to do it today to wrap all these matters up. We talked about that.
>
> THE COURT: That's your desire, sir?
>
> THE DEFENDANT: Yes, sir.

(Doc. 9, Ex. F. 9-10.)[2]

On June 28, 2007, Petitioner was sentenced to 15 years' imprisonment for the Possession of Dangerous Drugs For Sale charge, to run concurrently with terms of seven and three years' imprisonment for the other two charges. (*Id*., Ex. G.) Petitioner acknowledged in writing that he had 90 days in which to file a Notice of Post-Conviction Relief. (Doc. 9, Ex. H.)

**C. PETITIONS FOR POST-CONVICTION RELIEF**

On October 31, 2011, Petitioner filed a notice for Post-Conviction Relief. (Doc. 9, Ex. I.) Petitioner alleged that he agreed to a 10-year term of imprisonment, but instead the agreement was "altered" by the prosecutor "to include a stipulated 15 (fifteen) year term." (Doc. 9, Ex. I at 5.) Petitioner argued that he had "no access to case law" and did not have a "true copy of my authentic record." (Doc. 9, Ex. I at 3.)

On November 21, 2011, the PCR court dismissed Petitioner's PCR petition. The

---

[2] Petitioner does not contest the validity of his plea, instead he contends he was unaware of the 15-year stipulation. He requests the Court "order a sentence reduction from 15 years to the original agreed on sentence of 10 years." (Doc. 1 at 9.)

court found that Petitioner had been advised of the 90-day deadline and further found "that the reasons offered by the Defendant as to why he did not file his Notice of Post-Conviction Relief in a timely manner are not sufficient for the Court to accept a late filing." (Doc. 9, Ex. J.)

On May 15, 2013, the Arizona Court of Appeals denied review of the trial court's dismissal order. (Doc. 9, Ex. K.) On October, 23, 2013, the Arizona Supreme Court denied Petitioner's petition for review. (Doc. 9, Ex. L.)

### D. FEDERAL PETITION FOR WRIT OF HABEAS CORPUS

On June 30, 2014, Petitioner filed the instant habeas petition, which advances two grounds for relief:

> Ground 1: Counsel at the change-of-plea hearing was ineffective by allowing the prosecutor to change the stipulated sentence of imprisonment from 10 years to 15 years.
>
> Ground 2: The Arizona court system violated Petitioner's First Amendment rights when it dismissed his Rule 32 notice.

(Doc. 1.)

On November 19, 2014, the State filed a Response to the Petition. The State argues the Petition is untimely. (Doc. 9.)

### III. APPLICATION OF LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### A. THE PETITION IS UNTIMELY.

#### 1. Time Calculation

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Having entered into a plea agreement, Petitioner was sentenced on June 28, 2007. Petitioner had 90 days from that date to timely file an "of-right" petition for post-conviction relief. Ariz. R.Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence"). Because no petition was filed within that time in the Superior Court, Petitioner's judgment became final on September 26, 2007. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 132 S.Ct. 641, 656 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

The one-year statute of limitations on Petitioner's habeas action expired on September 26, 2008, unless statutorily or equitably tolled.

**2. Statutory Tolling**

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

The statute of limitations was not tolled by Petitioner's October 31, 2011 Notice of Post-Conviction Relief. (Doc. 9, Ex. I.) This filing was not a "properly filed" state action for post-conviction relief. Once the AEDPA limitations period expires, a subsequently filed state post-conviction proceeding cannot restart the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that an application for state post-conviction relief filed after expiration of the AEDPA statute of limitations did not reinitiate the limitations period).

Accordingly, statutory tolling does not apply.

### 3. Equitable Tolling

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. Cal. 2002) (quoting *Marcello*, 212 F.3d at 1010).

Here, Petitioner asserts equitable tolling should be granted because he "could NOT obtain all the unaltered records from the attorney in a timely fashion thus delaying my filing of a notice for a Rule 32." (Doc. 1 at 6.) Petitioner asserts that the "U.S. Supreme Court made two rulings in 2012 regarding ineffective assistance of counsel dealing with plea agreements" and he "was in the process of filing his first Petition for Post-Conviction Relief during that time of the new rulings." (Doc. 1 at 9.)

Petitioner has not established that equitable tolling should apply in this case. Petitioner's claim that he could not obtain the records of his case did not prevent him from filing a timely Petition. The information contained in this Petition was available to the Petitioner in 2007. Petitioner was aware of the simple nature of his claim and was able to file a Petition. *See Waldron–Ramsey*, 556 F.3d at 1014 (stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA

deadline."); *United States v. Battles*, 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings."). Petitioner's claim that Supreme Court rulings in 2012 delayed his Petition does not explain, at a minimum, the delay from 2007 to 2012. Petitioner has not satisfied his burden of showing that equitable tolling should apply.

### IV. Motion For Clarification

On June 30, 2014, Petitioner filed his pending Petition. (Doc. 1.) On October 29, 2014, the Court, after screening, ordered Respondents to answer the Petition. (Doc. 6.) The same Order allowed Petitioner to file a reply within 30 days from the date of service of Respondents' answer. (*Id.*) On November 19, 2014, Respondents filed a Limited Response to Petitioner's Petition. (Doc. 9.) Petitioner has not filed a reply.

On December 8, 2014, Petitioner filed a Motion for Certificate of Appealability, requesting the District Court issue a Certificate of Appealability so he "may appeal the dec[ision] of this Court." (Doc. 10.) On the same day, Petitioner filed a Notice of Appeal to the Ninth Circuit. (Doc. 11.) On February 27, 2015, the Ninth Circuit Court dismissed Petitioner's appeal "because the order challenged in the appeal is not final or appealable." (Doc. 13-1.)

On April 21, 2015, Petitioner filed a Motion for Clarification, in which he asserts that "this Court refused to process [his] Petition for Writ of Habeas Corpus" and he requests the Court "clarify its ruling so he may go to the Ninth Circuit Court for review and relief." (Doc. 14.) However, as detailed above, the Court's screening Order did not dismiss the Petition. Further, District Judge David Campbell has not yet ruled on the pending Petition. Accordingly, this Court recommends that Petitioner's request for the Court to provide "clarification" regarding its screening Order so that Petitioner may file an appeal of that Order with the Ninth Circuit Court be denied.

### CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638

F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

///
///
///
///
///
///

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of June, 2015.

Honorable John Z. Boyle
United States Magistrate Judge