**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Allen Clark, | No. CV-14-08112-PCT-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

On April 24, 2007, Petitioner Marc Allen Clark pled guilty to three felony charges. In accordance with the plea agreement, Clark was sentenced to 15 years in prison. After receiving his sentence, Clark acknowledged in writing that he had 90 days to file a notice of post-conviction relief. Doc. 9-1 at 51.

On October 31, 2011, Clark filed a notice of post-conviction relief (*id.* at 53), which the state court dismissed because it was untimely by four years (*id.* at 62). Both the Arizona Court of Appeals and Arizona Supreme Court denied review. On June 30, 2014, Clark filed this § 2254 petition. On June 30, 2015, Magistrate Judge John Boyle issued a Report and Recommendation ("R&R") recommending that the Court dismiss the petition as untimely. Doc. 15 at 8. Clark objects to the R&R. Doc. 16.

Petitions for writs of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEPDA imposes a one-year statute of limitations on habeas petitions, which runs "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1). Clark was sentenced on June 28, 2007, and did not file notice of post-conviction relief. Therefore, the judgment in his case became final on September 26, 2007, when the 90 days expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) (noting that when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). As such, Clark's habeas petition was due no later than September 26, 2008.

The petition filed by Clark on June 30, 2014 is untimely by nearly six years. Nonetheless, Clark argues that AEDPA's limitations period is unconstitutional and that his inability to obtain documents related to his case impinged his ability to file his notice for post-conviction relief and his habeas petition. Doc. 16 at 2, 5. Both arguments are meritless.

First, Clark cites no authority supporting his claim that AEDPA's limitations period is unconstitutional, and the Court is aware of none. Second, Clark has not shown any right to tolling. AEDPA provides for statutory tolling if a prisoner "properly file[s] [an] application for State post-conviction or other collateral review[.]" 28 U.S.C. § 2244(d)(2). Equitable tolling is available for prisoners who can demonstrate that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Clark did not file a timely notice for post-conviction relief, and thus he is not entitled to statutory tolling. Although he claims to have been unable to obtain documents, this, by itself, is not an extraordinary circumstance. Clark does not state what documents he failed to obtain, why they were important to his case, or how their absence affected his ability to file a petition. Clark has thus failed to demonstrate that AEDPA's one-year limitations period should be tolled.

**IT IS ORDERED:**

1. Petitioner's § 2254 petition for writ of habeas corpus (Doc. 1) is **denied and dismissed with prejudice.**

2. The R&R (Doc. 15) is **accepted**.

3. Petitioner's motion for clarification (Doc. 14) is found to be **moot**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **terminate** this action.

Dated this 7th day of August, 2015.

David G. Campbell
United States District Judge